The Honorable Douglas C. Kidd State Representative P.O. Box 137 Benton, Arkansas 72018
Dear Representative Kidd:
This is in response to your request for an opinion regarding the applicability of Arkansas Constitution Amendment 33 to pending Senate Bill 496. You have explained that Senate Bill 496 would abolish the State Hospital Board and the Youth Services Board and transfer their functions and duties to a new board. You have also stated that the bill purports to consolidate the State Hospital with other named institutions. You have posed the following specific question:
 Would Senate Bill 496, if enacted, be valid law or would it violate Amendment 33 to the Arkansas Constitution?
It is my opinion that Senate Bill 496 would be valid if it does in fact result in the consolidation of the State Hospital and the institutions governed by the Youth Services Board. This office reached a similar conclusion in Attorney General Opinion No. 88-220, a copy of which is enclosed for your review.
The section of Amendment 33 that is pertinent to your question is section 2, which states:
 The board or commission of any institution governed by this amendment, shall not be abolished nor shall the powers vested in any such board or commission be transferred, unless the institution is abolished or consolidated with some other State institution. In the event of abolition or consolidation, the new board or commission shall consist of a membership of five, seven, or ten.
Ark. Const., Amend. 33, § 2.
Under this provision, the boards of institutions governed by Amendment 33 (see Amendment 33, § 1) can be abolished or consolidated only if the institutions themselves are abolished or consolidated. The institution governed by the State Hospital Board is clearly the State Hospital. The institutions governed by the Youth Services Board are the Youth Services Centers. See A.C.A. § 9-28-204. You have indicated that Senate Bill 496 provides that the State Hospital will be consolidated. However, you have not stated whether the Youth Services Centers will be consolidated under the bill.
It is my opinion that if Senate Bill 496 provides for the consolidation of the Youth Services Centers with the State Hospital, it will not run afoul of Amendment 33.
You have expressed some concern that the language of Senate Bill 496 provides no evidence of consolidation other than its statement that the named institutions will be consolidated.[1] It is my opinion that for purposes of analyzing the constitutionality of the bill, a statement of consolidation is all that is necessary. Whether consolidation is actually carried out goes to the question of whether the law has been violated, rather than to the question of whether the law is constitutional on its face.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
Enclosure
[1] That aspect of the bill is not necessarily a deficiency. It is not unreasonable to assume that the reality of consolidation may be reflected only in the manner in which the institution is governed, i.e., the makeup of the governing board.